UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JULIE K. CHAPMAN,

      Plaintiff,

v.                                          **ORDER**
                                            Civil File No. 10-136 (MJD/JJK)

I-FLOW CORPORATION,
DJO, LLC, and DJO INCORPORATED,

      Defendants.

This matter is before the Court on Defendant I-Flow Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).  [Docket No. 32]  I-Flow seeks to transfer this case to the Eastern District of Virginia.  Defendants DJO, LLC, and DJO Incorporated join in the motion to transfer.  [Docket No. 36]  Plaintiff Julie K. Chapman consents to the transfer.  [Docket No. 37]

This action is one of many product-liability actions involving pain pumps that have been filed in the District of Minnesota despite having no discernable connection to Minnesota.  Chapman is a citizen of Virginia.  Defendant I-Flow Corporation is a Delaware corporation with its principal place of business in California.  Defendants DJO, LLC, and DJO Incorporated are also Delaware

1

corporations with their principal places of business in California. Plaintiff underwent shoulder surgeries in Virginia. She now sues for damages that she allegedly sustained from pain pumps that continuously injected anesthetic into her shoulder joint following the surgeries. No act giving rise to this action occurred in Minnesota, and none of the alleged injuries for which Plaintiff seeks to recover were suffered in Minnesota.

Pursuant to 28 U.S.C. § 1404, transfer to the United States District Court for the Eastern District of Virginia is warranted. When considering a motion to transfer under § 1404(a), the Court considers three factors: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). When analyzing the convenience prong, courts typically consider "(1) the convenience of the parties, (2) the convenience of the witnesses – including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." Id. at 696.

Transferring this case will promote the interests of justice and the convenience of the parties. No party, potential witness, evidence, or relevant event has any relevant connection to Minnesota. Moreover, a transfer will not prejudice any party. This case will remain in federal court and, assuming that this case was properly filed in Minnesota, the same choice-of-law rules would apply after transfer. See Ferens v. John Deere Co., 494 U.S. 516, 523 (1990) (holding that a § 1404(a) transfer does not change the law applicable in a diversity case). The main effect of a transfer will be to put the parties in a forum that has some connection to the underlying dispute and is more convenient for the parties.

Other judges in the District of Minnesota have determined that transfer is warranted in cases presenting issues identical to those in this case. See, e.g., Coccodrilli v. I-Flow Corp., Civil No. 10-2083 (JNE/SRN) (D. Minn. Aug. 11, 2010); Murphy v. I-Flow Corp., Civil No. 10-674 (DSD/SRN), 2010 WL 2985707 (D. Minn. July 26, 2010); Powell v. I-Flow Corp., 711 F. Supp. 2d 1012 (D. Minn. 2010). The Court agrees with the reasoning and conclusion of those cases. Therefore, for the convenience of the parties and witnesses and in the interest of justice, the Court transfers this case to the Eastern District of Virginia.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant I-Flow Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [Docket No. 32] is **GRANTED**.

2. Defendant DJO, LLC's and DJO Incorporated's Notice of Joinder and Joinder in I-Flow's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [Docket No. 36] is **GRANTED**.

3. This case is transferred to the United States District Court for the Eastern District of Virginia.

Dated:   March 14, 2011         s/ Michael J. Davis
                                 Michael J. Davis
                                 Chief Judge
                                 United States District Court